# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MENDENHALL DILL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SFI HOLDING, LLC and WILLOWBROOK FOODS I, LLC,<br><br>Defendants. | 1:12CV525<br><br>CLASS ACTION COMPLAINT<br><br>J. BECKWITH<br>M.J. BOWMAN |

Plaintiff Mendenhall Dill ("Plaintiff") alleges on her own behalf and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. Defendants operated food processing plants in Forest City, North Carolina and Mansfield, Texas producing and supplying meats, soups and sauces to restaurants under various names including Culinary Standards. Prior to the layoffs, Defendants employed more than 200 employees nationally. Plaintiff worked for Defendants at the Forest City, North Carolina facility until her termination on March 7, 2012. More than 150 employees were laid off within 90 days of March 7, without any advance notice.

2. The Plaintiff brings this action on behalf of herself, and approximately 150 other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, the mass layoffs or plant closings ordered by Defendant on or about March 7, 2012 and within ninety (90) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

3. Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104, from Defendants.

4. Plaintiff also seeks to recover unpaid vacation claims pursuant to the N.C. Gen. Stat. § 95-25.12 *et seq*.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. § 2104(a)(5), and N.C. Gen. Stat. § 95-25.12 *et seq*.

6. The violation of the WARN Act alleged herein occurred in Forest City, North Carolina.

7. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

8. Plaintiff Mendenhall Dill was employed by Defendants as a Quality Assurance Technician, and worked at the Defendants' facility located at 212 Nu Way Packing Road, Forest City, North Carolina (the "Forest City Facility") until her termination on or about March 7, 2012.

### *Defendants*

9. Upon information and belief and at all relevant times, Defendant SFI Holding, LLC ("SFI Holding") is an Ohio limited liability company, located at 4700 Ashwood Drive, Suite 200, Cincinnati, Ohio 45241.

10. Upon information and belief and at all relevant times, Defendant Willowbrook Foods I, LLC ("Willowbrook") is an Ohio limited liability company, located at 105 E. Fourth Street, Suite 1200, Cincinnati, Ohio 45202.

11. Upon information and belief, SFI Holding is the operating subsidiary of Willowbrook.

12. Until on or about March 7, 2012, the Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to the Forest City Facility.

13. Upon information and belief, the Defendants made the decision to terminate the employees.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

14. Plaintiff brings this action on her own behalf and on behalf of all other similarly situated former employees of Defendants who worked at or reported to the Forest City Facility and were terminated without cause on or about March 7, 2012 and within 90 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on that date, pursuant to 29 U.S.C. § 2104(a)(5).

15. On or about March 7, 2012, Defendants ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advance written notice under the WARN Act to its employees.

16. At or about the time of the aforementioned terminations, Defendants terminated approximately 150 other similarly situated employees at the Forest City Facility (the "other similarly situated former employees") within 90 days of March 7, 2012.

17. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees.

18. Each of the other similarly situated former employees are similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

3

19. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

20. Defendants were required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

21. Prior to her termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

22. Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ALLEGATIONS, F.R.C.P. 23

23. Plaintiff sues under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of herself and a class of persons who worked at or reported to Defendants' Forest City Facility and were terminated without cause on or about March 7, 2012, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 7, 2012, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

24. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is

4

unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

26. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

27. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a)    whether the Class Members were employees of the Defendants who worked at or reported to Defendants' Forest City Facility;

    (b)    whether Defendants terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

    (c)    whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

28. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendants' Forest City Facility and was terminated without cause on or within 90 days of March 7, 2012, due to the mass layoffs and/or plant closings ordered by Defendants.

29. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

30. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

32. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

### Federal WARN Act Cause of Action

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all relevant times, the Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

36. The Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things:

(a) The Defendants shared common ownership, in that SFI is wholly or substantially owned by Willowbrook, to create a parent-subsidiary relationship;

(b) The Defendants shared common officers and directors;

(c) The Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants, in that, *inter alia*, upon information and belief, products, services and R&D capabilities were shared between the Defendants.

37. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

38. On or about March 7, 2012, and within 90 days thereafter, the Defendants ordered mass layoffs and/or plant closings at the Forest City Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

39. The mass layoffs and/or plant closings at the Forest City Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as more than 33% of Defendants' workforce at the Forest City Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

40. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Forest City Facility.

41. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

42. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

43. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

44. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

45. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

46. Defendants failed to pay the Plaintiff and the other similarly situated employees accrued vacation pay pursuant to N.C. Gen. Stat. § 95-25.12 *et seq*.

## SECOND CLAIM FOR RELIEF

### Violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. The Plaintiff and the similarly situated employees who worked at or reported to Defendants' Forest City Facility were "employees" of Defendants as defined in § 95-25.2 of the North Carolina Wage and Hour Act ("Wage Act").

49. Defendants terminated the employment of the Plaintiff and other similarly situated employees on or about March 7, 2012 and within 90 days thereafter.

50. On information and belief, Defendants maintained a policy whereby those employees whose employment is terminated are entitled to pay for unused vacation time accrued to the effective date of the termination of their employment, pursuant to § 95-25.12.

51. Defendants were therefore obligated to pay Plaintiff and the other similarly situated employees for their accrued but unused vacation time in the next regularly scheduled payday following their termination.

52. By failing to provide the compensation due Plaintiff and other similarly situated employees for accrued vacation time, Defendants have violated the Wage Act.

53. Defendants' violation of the Wage Act was willful.

54. As a result of Defendants' violations of the Wage Act, Plaintiff and the other similarly situated employees are entitled to payments for accrued vacation time, statutory interest, and liquidated damages, pursuant to § 95-25.22.

55. The Plaintiff has incurred, and the other similarly situated employees will incur, costs and attorneys' fees in prosecuting this claim and are therefore entitled to an award of attorneys' fees and costs pursuant to § 95-25.22.

56. Defendant was required by the N.C. Gen. Stat. § 95-25.1 *et seq.* to give the Plaintiff and the Class Members all owed vacation time off or payment in lieu of time off in accordance with the company policy or practice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

E. A judgment in favor of the Plaintiff and each of the affected employees for their unpaid vacation claims, including liquidated damages, costs and attorneys' fees, in accordance with the N.C. Gen. Stat. § 95-25.22 *et seq.*

F. Interest as allowed by law on the amounts owed under the preceding paragraph;

G. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

H. Such other and further relief as this Court may deem just and proper.

Dated: July 6, 2012

Respectfully submitted,

By: /s/ A. Brian McIntosh
A. Brian McIntosh (0067295)
1136 Saint Gregory Street, Suite 100
Cincinnati, Ohio 45202
(513) 929-4040 Ext. #2
(513) 929-4070 Fax
Brian@McIntoshlaw.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*