UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MENDENHALL DILL,

    Plaintiff,

Case No. 1:12-cv-525

Beckwith, J.
Bowman, M.J.

vs.

WILLOWBROOK FOODS, LLC, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

On March 20, 2013, Defendant Willowbrook Foods LLC ("Willowbrook) was ordered to secure counsel to represent it in this case within 21 days and to have counsel enter an appearance on behalf of Defendant Willowbrook within that time. (Doc. 31).  The Order further stated that Willowbrook's failure to secure counsel within the allotted time could result in an entry of default and default judgment against it.  Id. Defendant did not respond to the Show Cause Order within the allotted time. Thereafter, on April 25, 2013, the Court issued a subsequent Order stating, in relevant part:

> It is ORDERED that Willowbrook must secure counsel to represent it in this case no later than May 25, 2013 and counsel must enter an appearance on behalf of Defendant Willowbrook within that time. Failure to comply with the terms of this Order will result in a Report and Recommendation to the District Judge that judgment be entered in favor of Plaintiff based upon Willowbrook's failure to secure counsel

(Doc. 34).

Willowbrook has failed to secure counsel or otherwise respond to the Court's

Orders. As previously noted by the Court, it is well settled that a corporation cannot appear in federal court except through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). The undersigned finds that defendant has not satisfactorily responded to the pending Orders, and entry of default is therefore appropriate pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See Wilen v. Alternative Media Net, Inc.*, 2005 WL 167589, *2 (S.D.N.Y. 2004) (citing *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975) (holding that a corporation cannot appear except through an attorney and "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it")).

Accordingly, it is therefore **RECOMMENDED** that the Clerk be **DIRECTED** to file an Entry of Default against Defendant Willowbrook.

               *s/Stephanie K. Bowman*
               Stephanie K. Bowman
               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MENDENHALL DILL,

    Plaintiff,

vs.

WILLOWBROOK FOODS, LLC, et al.,

    Defendants.

Case No. 1:12-cv-525

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).